**Jagbir SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–72379.

Agency No. A75–304–212.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.\*\*

Decided Sept. 16, 2003.

Hilary A. Han, Dobrin & Han, LLC, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Christopher C. Fuller, John D. Williams, Attorney, Washington, DC, for Respondent.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM\*\*\*

Jagbir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252. The IJ's decision is deemed the final agency decision to be reviewed by this Court. See Falcon Carriche v. Ashcroft, 335 F.3d 1009, 1013 (9th Cir.2003). We review for substantial evidence the IJ's factual determinations regarding eligibility for asylum and withholding of removal. INS v. Elias–Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition.

The IJ expressly found Singh's testimony to be credible, therefore it was error to require additional corroboration for his claims. See Salaam v. INS, 229 F.3d 1234, 1239 (9th Cir.2000).

The IJ's conclusion that country conditions had changed in India was flawed, because the IJ failed to first make the necessary individualized assessment of the statutory presumption arising from Singh's

---

1. Brown's motion for appointment of counsel is denied as unnecessary.

\* The Attorney General of the United States is the proper respondent in a petition for review of an order of removal. See 8 U.S.C. § 1252(b)(3)(A). The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claims of persecution, *see Osorio v. INS*, 99 F.3d 928, 932–33 (9th Cir.1996), and did not address evidence submitted by Singh to the contrary, *see Watkins v. INS*, 63 F.3d 844, 849 (9th Cir.1995) (holding BIA errs when it ignores relevant evidence).

We grant withholding of removal, reverse the IJ's order and remand Singh's asylum application for the exercise of the Attorney General's discretion. *Navas v. INS*, 217 F.3d 646, 655 (9th Cir.2000).

**PETITION GRANTED.**